UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH AVOLI,

  Plaintiff,                               CASE NO.:

-vs-

BARCLAYS BANK DELAWARE d/b/a,
BARCLAYCARD,

  Defendant.

_____/

## COMPLAINT

1.     Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## INTRODUCTION

2.     The TCPA was enacted to prevent companies like BARCLAYS BANK DELAWARE, d/b/a BARCLAYCARD, from invading American citizens' privacy and prevent abusive "robo-calls."

3.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, –US–, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

4.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991)." Senator Hollings presumably intended to give

telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

5.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by  28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242, 1249 (11th Cir. 2014).

8.      The alleged violations described herein occurred in Pasco County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. § 1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Zephyrhills, Pasco County, Florida.

10.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11.     Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

12.     Defendant is a Corporation and National Association with a principal place of business at 125 South West Street, Wilmington, DE 19801, and conducting business in the State of Florida.

13.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(6).

14.     Defendant is a "creditor" as defined in Florida Statute § 559.55(5).

15.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (508) ***-8987, and was the called party and recipient of Defendant's hereinafter described calls.

16.     In or about October of 2015, Plaintiff began receiving calls to his aforementioned cellular telephone from Defendant seeking to recover an alleged debt.

17.     Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (866) 456-0677, (866) 585-2923, and when that number is called, a pre-recorded message answers "Thank you for calling Barclaycard customer support. This call may be recorded or monitored. What's your account number or social security number?"

18.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or

prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because when he answered a call from the Defendant he would hear an extended pause before a live agent would come on the line, or would hear extended silence, and nobody would ever pick up the line.

19.     Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

20.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

21.     Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

22.     On or about October of 2015, Plaintiff answered a call from the Defendant, met with an extended pause, held the line to be connected to a live person, and was eventually connected to a live agent/representative of Defendant, at which point he informed Defendant that they had his address, and demanded that the Defendant cease placing calls to his aforementioned cellular telephone number.

23.     During the aforementioned phone conversation in or about October of 2015 with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

24.     Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

25.     Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

26.     Additionally, on or about March 31, 2016, due to the ceaseless barrage of calls he was receiving from Defendant, Plaintiff answered a call from the Defendant, met with an extended pause, held the line to be connected to a live person, was eventually connected to a live agent/representative of Defendant, and again demanded that Defendant cease placing calls to his aforementioned cellular telephone number, to which the agent/representative of the Defendant responded that she was not able to terminate the calls.

27.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having his express permission to call his aforementioned cellular telephone number.

28.     On at least three (3) separate occasions, Plaintiff has either answered a call from or returned a call to the Defendant, held the line to be connected to a live representative, and demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

29.     The Plaintiff's requests for the harassment to end were ignored.

30.     From about December of 2015 through the filing of this Complaint, Defendant has placed approximately five-hundred (500) calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing a non-exclusive call log of forty-seven (47) calls in a two week period from April 1, 2016 through April 15, 2016).

31.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times in the same hour, during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

32.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

33.     Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have believed they had.

34.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals demanding that the Defendant stop calling them.

35.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

36.     Defendant violated the TCPA with respect to the Plaintiff.

37.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

38.     Plaintiff incorporates Paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

39.     Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and wished for the calls to stop.

40.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without

Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the FCCPA)**

41.     Plaintiff incorporates Paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

42.     At all times relevant to this action, Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

43.     Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

44.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

45.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully Submitted,

s/*Shaughn C. Hill*
Shaughn C. Hill, Esquire
FL Bar#: 105998
Morgan & Morgan, Tampa,  P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
SHill@ForThePeople.com
LCrouch@ForThePeople.com

# Phone Call Log for (508) ***-8987

|     | Date | Time | Caller |
| --- | --- | --- | --- |
| 1. | 04/01/2016 | 10:19 am | (866) 585-2923 |
| 2. | 04/01/2016 | 10:39 am | (866) 585-2923 |
| 3. | 04/01/2016 | 04:18 pm | (866) 585-2923 |
| 4. | 04/01/2016 | 05:25 pm | (866) 585-2923 |
| 5. | 04/02/2016 | 12:24 pm | (866) 585-2923 |
| 6. | 04/02/2016 | 03:40 pm | (866) 585-2923 |
| 7. | 04/02/2016 | 03:21 pm | (866) 585-2923 |
| 8. | 04/02/2016 | 04:45 pm | (866) 585-2923 |
| 9. | 04/04/2016 | 11:17 am | (866) 585-2923 |
| 10. | 04/04/2016 | 01:54 pm | (866) 585-2923 |
| 11. | 04/04/2016 | 04:47 pm | (866) 585-2923 |
| 12. | 04/04/2016 | 05:49 pm | (866) 585-2923 |
| 13. | 04/04/2016 | 06:55 pm | (866) 585-2923 |
| 14. | 04/04/2016 | 11:28 pm | (866) 585-2923 |
| 15. | 04/05/2016 | 11:29 am | (866) 585-2923 |
| 16. | 04/05/2016 | 05:40 pm | (866) 585-2923 |
| 17. | 04/05/2016 | 07:16 pm | (866) 585-2923 |
| 18. | 04/06/2016 | 10:52 am | (866) 585-2923 |
| 19. | 04/06/2016 | 05:29 pm | (866) 585-2923 |
| 20. | 04/06/2016 | 07:26 pm | (866) 585-2923 |
| 21. | 04/07/2016 | 11:09 am | (866) 585-2923 |
| 22. | 04/07/2016 | 05:35 pm | (866) 585-2923 |
| 23. | 04/07/2016 | 06:56 pm | (866) 585-2923 |
| 24. | 04/08/2016 | 10:23 am | (866) 585-2923 |
| 25. | 04/08/2016 | 04:58 pm | (866) 585-2923 |
| 26. | 04/08/2016 | 06:46 pm | (866) 585-2923 |
| 27. | 04/09/2016 | 11:58 am | (866) 585-2923 |
| 28. | 04/09/2016 | 04:19 pm | (866) 585-2923 |
| 29. | 04/09/2016 | 05:25 pm | (866) 585-2923 |
| 30. | 04/11/2016 | 06:54 pm | (866) 585-2923 |
| 31. | 04/11/2016 | 07:56 pm | (866) 585-2923 |
| 32. | 04/12/2016 | 12:14 pm | (866) 585-2923 |
| 33. | 04/12/2016 | 05:36 pm | (866) 585-2923 |
| 34. | 04/12/2016 | 07:08 pm | (866) 585-2923 |
| 35. | 04/13/2016 | 10:58 am | (866) 585-2923 |
| 36. | 04/13/2016 | 07:02 pm | (866) 585-2923 |
| 37. | 04/13/2016 | 08:05 pm | (866) 585-2923 |
| 38. | 04/14/2016 | 09:07 am | (866) 585-2923 |
| 39. | 04/14/2016 | 05:12 pm | (866) 585-2923 |
| 40. | 04/14/2016 | 07:30 pm | (866) 585-2923 |

EXHIBIT "A"

# Phone Call Log for (508) ***-8987

| 41. | 04/15/2016 | 12:16 pm | (866) 585-2923 |
|-----|------------|----------|----------------|
| 42. | 04/15/2016 | 05:31 pm | (866) 585-2923 |
| 43. | 04/15/2016 | 07:25 pm | (866) 585-2923 |
| 44. | 04/15/2016 | 07:53 pm | (866) 585-2923 |
| 45. | 04/15/2016 | 03:01 pm | (866) 585-2923 |
| 46. | 04/15/2016 | 05:24 pm | (866) 585-2923 |
| 47. | 04/15/2016 | 06:31 pm | (866) 585-2923 |

EXHIBIT "A"